Richard TINDALL, Appellant,

v.

BISHOP, PETERSON & SHARP, P.C., Appellee.

No. 01–95–01218–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 29, 1997.

Rehearing Overruled Aug. 4, 1997.

---

Deborah Heaton McElvaney, Richard A. Tindall, Houston, for appellant.

David D. Peden, Jr., David E. Sharp, Houston, for appellee.

Before HEDGES, MIRABAL and HUTSON–DUNN,[1] JJ.

## OPINION

HEDGES, Justice.

In this appeal of a summary judgment for the plaintiff in a breach of contract suit, we must decide whether an unsigned memorandum of a settlement agreement is enforceable. We affirm.

## FACTS

Plaintiff Bishop, Peterson & Sharp, P.C. was a law firm hired by defendant Richard Tindall, an attorney, for legal representation in various matters. Plaintiff sued defendant for $13,022.64 in unpaid legal bills, plus interest and attorney's fees. On May 10, 1994, defendant appeared for his deposition in the law offices of plaintiff's attorneys. Before the start of testimony, the parties discussed settlement and reached an agreement. The terms of an agreement were then read to the court reporter, who later transcribed as follows:

> RULE 11 [2] SETTLEMENT AGREE-MENT, taken on the 10th day of May, 1994, in the office of Greenberg, Peden, Siegmyer, Oshman & Soussan, P.C., 12 Greenway Plaza, Tenth Floor, Houston,

Harris County, Texas, between the hour of 10:00 a.m. and 10:05 a.m.

APPEARANCES

*FOR DEFENDANT:*

Mr. Richard A. Tindall

4265 San Felipe

Suite 200

Houston, Texas 77027

*COUNSEL FOR PLAINTIFFS:*

George M. Bishop & Associates

3000 Smith Street

Houston, Texas 77006–3441

BY: Mr. George M. Bishop

AND

Greenberg, Peden, Siegmyer, Oshman & Soussan, P.C.

12 Greenway Plaza

Tenth Floor

Houston, Texas 77046

BY: Mr. David E. Sharp

ON THE 10TH DAY OF MAY, 1994, PURSUANT TO SAID NOTICE, I WAS PRESENT IN THE OFFICES OF GREENBERG, PEDEN, SIEGMYER, OSHMAN & SOUSSAN, P.C., 12 GREENWAY PLAZA, TENTH FLOOR, HOUSTON, HARRIS COUNTY, TEXAS, AT THE HOUR OF 9:30 A.M. AND REMAINED IN SAID OFFICES UNTIL 10:05 A.M.

DURING THIS TIME, THE FOLLOWING STATEMENT WAS MADE FOR THE RECORD:

Mr. Bishop: Comes now Bishop, Peterson & Sharp, P.C., the Plaintiff in cause No. 94–06009 in the 281st District Court and Richard A. Tindall, the Defendant in the same cause of action and would agree and stipulate to the following: The parties agree and stipulate that the outstanding indebtedness owed to Bishop, Peterson & Sharp of $13,022.64 will be settled for a total of $11,000, $1,000 to

---

**1.** Justice Hutson–Dunn retired from the First Court of Appeals after submission of the case, but before the opinion issued. Justice Hutson–Dunn continues to sit on this case by assignment.

**2.** Tex.R. Civ. P. 11

be paid to Bishop, Peterson & Sharp by the end of this week and a note from Richard A. Tindall to Bishop, Peterson & Sharp in the amount of $10,000 to be paid on a monthly basis beginning in June of 1994 at no less than $300 a month or no more than $1,000 a month until that debt is paid in full. And that note will carry interest at the rate of 10 percent per annum from May 10th, 1994, and in return, Cause No. 94–06009 will be dismissed without prejudice to refiling same; but in the event the note is paid in full, that cause number will never be refiled and Bishop, Peterson & Sharp will agree to that settlement so long as the defendant, Richard A. Tindall, will. And I am president of Bishop, Peterson & Sharp, and Mr. Sharp here is the secretary of that professional corporation. Do you agree to that settlement and its terms; and if so, we'll prepare the note and the motion to dismiss this case?

Mr. Tindall: I will agree to that except I think the term of "not more than a thousand dollars a month," that was suggested as something not to expect more but I don't think we ought to—

Mr. Sharp: Okay. There's no cap on the thousand dollars.

Mr. Tindall: If I send you $3,000, I hope you won't send two of it back to me.

Mr. Bishop: No, we won't.

Mr. Sharp: That's satisfactory.

Mr. Bishop: That's fine.

Mr. Sharp: And I'll just add, so you all know, that George and I represent 80 percent of the stock of Bishop, Peterson & Sharp, P.C., as well as the fact that we're two of the officers. So, we clearly have authority to make the deal with you.

Mr. Tindall: Good.

Mr. Sharp: Is that all okay?

Mr. Tindall: That's fine. That's okay with me.

(WHEREUPON THE AGREEMENT WAS CONCLUDED AT 10:05 A.M.)

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS 16TH DAY OF MAY, 1994.

The court reporter, who is also a notary public, signed the transcript. The transcribed settlement agreement was filed with the court for inclusion in the case file in May 1994.

On October 7, 1994, plaintiff filed a supplemental petition in the case, alleging that defendant had failed and refused to perform under the agreement after his initial $1,000.00 payment. Plaintiff sought specific performance of the settlement agreement, or damages for its breach, in addition to its other claims in the lawsuit. Thereafter, plaintiff filed motions for summary judgment, asserting as grounds that defendant had breached the May 10, 1994 settlement agreement by making only two payments: the first $1,000.00 payment, and one $300.00 payment made in October 1994. Plaintiff asserted in its motion that the settlement agreement was a valid rule 11 agreement or, in the alternative, that the settlement agreement was nevertheless enforceable as a contract. Plaintiff sought judgment in the amount of $9,700, plus interest and attorney's fees.

In response, defendant argued that (1) the prerequisites for a rule 11 agreement had not been met; (2) even if a rule 11 agreement existed, defendant had withdrawn his consent prior to judgment; and (3) the existence of material issues of fact precluded summary judgment. The trial court granted summary judgment for plaintiff on both grounds.

## RULE 11 AGREEMENT

In point of error one, defendant asserts that the trial court erred in granting summary judgment because the agreement was not a rule 11 agreement.

### Standard of Review

The standard for appellate review of a summary judgment for a plaintiff is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to every element of the plaintiff's cause of action. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Evidence fa-

vorable to the nonmovant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the nonmovants and any doubts resolved in their favor. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). Once the movant produces sufficient evidence to establish the right to a summary judgment, the nonmovant has the burden of going forward. To avoid an adverse summary judgment, the nonmovant must produce sufficient evidence to give rise to a fact issue. *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936–37 (Tex.1972). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 378 (Tex.1993); *Jones v. Legal Copy, Inc.,* 846 S.W.2d 922, 924 (Tex.App.—Houston [1st Dist.] 1993, no writ).

**Analysis**

The existence of a rule 11 agreement was one of the grounds for summary judgment asserted by plaintiff. Rule 11 reads:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

It is uncontested that defendant appeared for his deposition and prior to the commencement of the deposition, the parties engaged in settlement negotiations. The parties then dictated their agreement to the court reporter who had appeared for purposes of recording defendant's deposition. The court reporter transcribed the proceedings, signed and verified the words in the transcript, and filed the transcript with the papers as part of the record in the case. Defendant does not contest the accuracy of the transcription in any way. Neither the parties nor their attorneys signed the agreement.

■ A majority of this Court sitting en banc agrees with defendant that the agreement dictated to and transcribed by the court reporter and filed with the papers of the case is not a rule 11 agreement. It is neither (1) "in writing, signed and filed with the papers as part of the record," nor was it (2) "made in open court and entered of record." TEX.R. CIV. P. 11.

We sustain point of error one.

### STATUTE OF FRAUDS

In point of error two, defendant argues alternatively that the trial court erred in granting plaintiff's motion for summary judgment on the basis that it was an enforceable contract because the agreement is not enforceable under the Statute of Frauds. TEX. BUS. & COM.CODE ANN. § 26.01(a), (b)(6) (Vernon 1987). We disagree.

■ Notwithstanding its failure as a rule 11 agreement, this contract is enforceable as an oral agreement, evidenced by the memorandum of a third party. It is undisputed that the court reporter's transcription is an accurate rendition of the agreement. The oral agreement, evidenced by the memorandum is enforceable as an exception to the Statute of Frauds in that it can be performed within one year. TEX. BUS. & COM.CODE ANN. § 26.01(b)(6) (Vernon 1987). *See Gerstacker v. Blum Consulting Eng'rs,* 884 S.W.2d 845, 849 (Tex.App.—Dallas 1994, writ denied). Therefore, the trial court properly granted summary judgment.

We overrule point of error two.

### MATERIAL FACT ISSUES

In point of error three, defendant asserts that specific material fact issues were raised by his response to plaintiff's motion for summary judgment.

Once the movant has established a right to summary judgment, the burden of going forward shifts to the nonmovant to produce controverting evidence raising a fact issue. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Marchal v. Webb,* 859 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

The record contains defendant's responses to plaintiff's first and second motions for summary judgment, each of which was sup-

ported by defendant's affidavit. We have already disposed of defendant's argument regarding the enforceability of the settlement agreement. Defendant also challenges the accuracy of the amount claimed in the affidavit of George M. Bishopas as not true or correct.

■ Bishop's affidavit specified that: Defendant had agreed to pay $11,000 under the Rule 11 agreement; he had made only two payments under the agreement, $1000 and $300; and a principal balance of $9,700.00 was due and owing. Because defendant did not file a plea of payment in this case, he is precluded from proving payment. TEX.R. CIV. P. 95. Moreover, he did not even attempt to prove payment; rather he filed a conclusory affidavit that did not qualify as summary judgment evidence on the issue of the amount due. *Wilson v. General Motors Acceptance Corp.*, 897 S.W.2d 818, 823 (Tex. App.—Houston [1st Dist.] 1994, no writ)(sworn reiteration of conclusory pleadings allegations, without specific facts to support them, is inadequate to raise a fact issue).

■ Defendant asserted in his response that, because he had withdrawn his consent to the settlement agreement before entry of judgment, summary judgment was precluded. Defendant is mistaken. The governing rule was stated in *Padilla*

> Although a court cannot render a valid *agreed* judgment absent consent at the time it is rendered, this does not preclude the court, after proper notice and hearing, from enforcing a settlement agreement complying with Rule 11 even though one side no longer consents to the settlement. The judgment in the latter case is not an agreed judgment, but rather is a judgment enforcing a binding contract.

*Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex.1995)(emphasis added).

We overrule point of error three.

### SECOND SUMMARY JUDGMENT

In point of error four, defendant asserts that the trial court erred in granting plaintiff's second motion for summary judgment because the trial court had already granted defendant a summary judgment.

■ On May 12, 1995, the trial court signed two orders, one ordering that "plaintiff's second motion for summary judgment is granted," and the other ordering that "defendant's motion for summary judgment is granted and the claims against defendant under Rule 11 only are dismissed without prejudice." Both parties acknowledge the two orders conflict; there can be only one final judgment in any cause. TEX.R. CIV. P. 301. On June 9, 1995, defendant filed a motion for new trial. On June 13, 1995, the trial court signed a "Final Judgment" stating that plaintiff's "second motion for summary judgment having been granted, it is ... ordered ... that judgment is rendered in favor of plaintiff and against defendant...." This final judgment, signed while the trial court retained jurisdiction, superseded the prior judgments. TEX.R. CIV. P. 329b(e).

We overrule point of error four.

We affirm the judgment of the trial court.

MIRABAL, J., concurring with HUTSON-DUNN, J., joining.

On HEDGES'S, J., motion for en banc consideration, COHEN, O'CONNOR, HEDGES, TAFT and NUCHIA, JJ., voted to grant en banc consideration.

MIRABAL and ANDELL, JJ., voted to deny en banc consideration.

COHEN, O'CONNOR, ANDELL, TAFT and NUCHIA, JJ., join HEDGES'S, J., majority opinion.

SCHNEIDER, C.J., and WILSON, J., did not participate.

MIRABAL, Justice, concurring.

I concur.

I would affirm the trial court's judgment because, in my opinion, the agreement dictated to, transcribed by, and signed by the court reporter, and then filed with the papers of the case, is an enforceable rule 11 agreement.

The purpose of rule 11 is to avoid disputes over the terms of oral settlement agreements. *Padilla v. LaFrance*, 907 S.W.2d

454, 461 (Tex. 1995). That purpose is served by the parties to the settlement agreement dictating the terms to the court reporter, who transcribes the terms and swears to their accuracy, and then files the transcription with the court. Rule 205 specifically states the manner in which changes to a court reporter's transcription can be made by the parties to a deposition. TEX. R. CIV. P. 205. In the present case, no changes were made by either party. Defendant has made no claim, either in the trial court or in this Court, that the court reporter's transcription of the dictated settlement agreement is inaccurate in any way.

The parties jointly dictated what is expressly titled a "Rule 11 Settlement Agreement" to the court reporter. At the time, the parties clearly intended for the agreement to be a "Rule 11" agreement. In compliance with rule, the agreement is (1) in writing; (2) signed;[1] and (3) filed with the papers as part of the record. I would hold that, under the circumstances here, the settlement agreement is an enforceable "Rule 11" agreement. The San Antonio Court of Appeals, faced with the same issue, reached the same conclusion. *Kosowska v. Khan*, 929 S.W.2d 505, 508 (Tex. App.—San Antonio 1996, no writ).

Accordingly, I would overrule point of error one.

I join in the majority's analysis of defendant's points of error three and four, and I agree they should be overruled. I do not join in the portion of the majority's opinion dealing with point of error two.[2]

HUTSON–DUNN, J., who sat on original submission and continues to sit by assignment, joins this concurrence.

---

**1.** Rule 11 does not identify who must sign the agreement. Here the agreement was signed by the court reporter, obviously at the direction of the parties who instructed the court reporter to record the agreement.

**2.** Point of error two attacks plaintiff's second ground for summary judgment. In my opinion, plaintiff's first ground for summary judgment (the existence of and enforceable rule 11 agreement) was meritorious, and therefore summary judgment was proper.