David RONIN, Appellant,

v.

Randall J. LERNER, Individually, Sezanne Zeluff, Individually, and The Law Firm of Zeluff & Associates, a/k/a Bracewell & Zeluff, Appellees.

No. 01–98–00666–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 23, 1999.

L. David Ronin, The Ronin Firm, Houston, pro se.

John B. Wallace, Giessel, Barker & Lyman, P.C., Houston, for Appellees.

Panel consists of Chief Justice SCHNEIDER and Justices ANDELL and DUGGAN.*

## OPINION

LEE DUGGAN, Jr., Justice (Retired).

David Ronin, appellant, appeals the trial court's rendition of summary judgment to Randall J. Lerner, individually, Sezanne

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Zeluff, individually, and the law firm of Zeluff & Associates, a/k/a Bracewell and Zeluff (collectively "Lerner and Zeluff"), appellees.

## Facts and Procedural History

This case involves the breach of a settlement agreement. In February 1993, while Ronin was still attending law school, he hired Karen Lerner to represent him in a lawsuit against Lerner and Zeluff for legal malpractice. The legal malpractice claim was over Lerner and Zeluff's failure to file a counterclaim on Ronin's behalf within the statute of limitations. About a year later, Ronin fired Karen Lerner[1] and hired another attorney, George Neely, to represent him.

When Ronin's case was called for trial in June 1995, Neely was still the attorney of record. The case between Ronin and Lerner and Zeluff settled before a jury was selected. The settlement was made in open court, with the terms of settlement dictated into the record. Under the terms of the settlement, Lerner and Zeluff's insurer would pay Ronin $30,000; the settlement check would be a two-party check made payable to Ronin and his attorney, Neely; Ronin fully released any and all causes of action asserted or that could have been asserted against Lerner and Zeluff; Ronin and Neely indemnified Lerner and Zeluff, their attorney, and the insurance carrier from any claims by Karen Lerner; and each party would bear its own costs. In open court, when Ronin was asked if this was his agreement, he responded that it was.

Lerner and Zeluff sent Neely a two-party check, a judgment dismissing Ronin's claims, and a release. However, Ronin fired Neely and repudiated the settlement agreement, claiming that his consent was obtained fraudulently. He also sent a letter to Neely in which he accused him of perpetrating fraud.

After he was fired, Neely intervened in the suit between Ronin and Lerner and Zeluff. That intervention was nonsuited. However, while the intervention was pending, Lerner and Zeluff worked, unsuccessfully, at getting Ronin to honor the settlement agreement.

Lerner and Zeluff filed a counterclaim against Ronin for breach of contract. They moved for summary judgment on their counterclaim, and asked for attorney's fees incurred in enforcing the settlement agreement. Ronin responded to the summary judgment by denying the validity of the settlement agreement. The trial court granted summary judgment to Lerner and Zeluff, awarding them $10,000 in attorney's fees. The trial court also ordered Lerner and Zeluff to deposit the remaining $20,000 from the original $30,000 settlement into the registry of the court, which they did. The trial court entered a final summary judgment for Lerner and Zeluff and severed the case from the ongoing intervention between Karen Lerner and Ronin.

On appeal, Ronin challenges the trial court's rendition of summary judgment to enforce the settlement agreement.

## Standard of Review

Summary judgment is proper only when a movant establishes there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Marchal v. Webb,* 859 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1993, writ denied). A plaintiff is entitled to summary judgment if the plaintiff conclusively establishes the elements of its claim as a matter of law. *Johnson,* 891 S.W.2d at 644; *Marchal,* 859 S.W.2d at 412. Thus, to be entitled to judgment, Lerner and Zeluff were required to conclusively establish, as a matter of law, that

---

1. She later intervened in the case to recover her attorney's fees, but she is not a party to this appeal.

they had a valid and enforceable Rule 11 agreement, and that Ronin breached the agreement.

Once the movant has established a right to a summary judgment, the burden shifts to the nonmovant. *Marchal*, 859 S.W.2d at 412. The nonmovant must respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Marchal*, 859 S.W.2d at 412.

■ On appeal, we cannot consider any ground for reversal that was not expressly presented to the trial court by written motion, answer, or other response to the motion for summary judgment. *Clear Creek Basin Auth.*, 589 S.W.2d at 677; *Hussong v. Schwan's Sales Enter., Inc.*, 896 S.W.2d 320, 323 (Tex.App.—Houston [1st Dist.] 1995, no writ). The trial court's order rendering summary judgment does not specify the grounds upon which the motion was granted. We will affirm the summary judgment if any of the theories advanced in the motion for summary judgment is meritorious. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex.1996); *Cigna Ins. Co. v. Rubalcada*, 960 S.W.2d 408, 411 (Tex.App.—Houston [1st Dist.] 1998, no writ).

### Analysis

■ The law of contracts applies to Rule 11 settlement agreements. *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995). When, as here, the plaintiff moves for summary judgment on a breach of contract claim, they must show (1) there was a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of that breach. *See Hussong*, 896 S.W.2d at 326.

In their motion for summary judgment, Lerner and Zeluff argued they were entitled to summary judgment on their breach of contract claim—that is, that there was a valid and enforceable Rule 11 settlement agreement; Ronin breached the agreement because he revoked his consent to the agreement, and he refused to sign the settlement/release papers; they had performed or were ready to perform the agreement; and they were damaged as a result of Ronin's breach. Ronin responded by challenging the validity of the agreement. He did not dispute that he revoked his consent or that he refused to sign the settlement papers.

■ We must determine whether Lerner and Zeluff met their burden of proving there was a valid and enforceable Rule 11 agreement as a matter of law, and if so, whether Ronin responded raising a genuine issue of material fact. Whether an agreement is legally enforceable is a question of law. *Texaco, Inc. v. Pennzoil Co.*, 729 S.W.2d 768, 814 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). For a Rule 11 agreement to be enforceable, it must be either (1) in writing, signed, and filed as part of the record, or (2) it must be made in open court and entered of record. Tex.R. Civ. P. 11;[2] *Tindall v. Bishop, Peterson & Sharp, P.C.*, 961 S.W.2d 248, 251 (Tex.App.—Houston [1st Dist.] 1997, no pet.). The purpose of this rule is to avoid misunderstandings and controversies that often flow from verbal agreements. *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex.1995).

Lerner and Zeluff established, as a matter of law, that there was a valid and enforceable Rule 11 agreement made in open court and entered of record. They attached a transcript of the court proceedings to their motion for summary judgment as evidence of the agreement. The

2. Rule 11 states:

Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

transcript reflects the following agreement was made in open court:

> **Mr. Neely:** George Neely on behalf of the Plaintiff. We are here this morning to commence to trial. During the pretrial proceedings, we have further discussed settlement; and *we have arrived at a settlement agreement which we will dictate into the record at this time;* and which will be acknowledged as the agreement of the parties by the parties at this time. I will turn it over to—the *dictation of the agreement* over to Mr. Weinberg, the Attorney for the Defendants.
>
> **Mr. Weinberg:** My name is Gregg Weinberg. I represent Randal Lerner, Sezanne Zeluff & Associates; and I think I may have filed an answer; but maybe I did not, for Bracewell & Zeluff, which is a dissolved partnership, which I don't believe did answer this lawsuit because they were dissolved. On behalf of all the Defendants, we need to dictate the terms of the agreement. *The agreement is as follows: $30,000 is payable by the Defendants' insurance company. It will be paid by a two-party check to Mr. Ronin and his Attorney, Mr. Neely. There will be a full release of liability of any and all Defendants for any and all causes of action asserted or could [sic] have been asserted in this lawsuit coupled with an indemnification by Mr. Ronin as well as Mr. Neely with regard to the intervention that has been filed by Attorney, Karen Lerner, in this case. In the event that she brings some action against my clients or me or my insurance carrier, we will be indemnified for defense costs as well as any amounts that may be rendered against us. With regard to entering into this resolution, given that Ms. Lerner's intervention is on file, each party is to bear it's own costs of court; and I will prepare the release. I will prepare a proposed judgment. It will be a take-nothing judgment. Each party will bear its own costs.*

> * * *

> There will be a[n] expressed release of the insurance carrier. Is that agreed, Mr. Neely?
>
> **Mr. Neely:** This is the agreement.
>
> **Mr. Weinberg:** Can we enter into a Rule 11 Agreement at this time?
>
> **Court:** *Is that your agreement?*
>
> **Mr. Lerner:** Yes, sir, that's my agreement.
>
> **Mr. Ronin:** *Yes, sir.*
>
> **Court:** That's fine. You gentlemen prepare a judgment for me.

(Emphasis added).

Ronin challenged one element of a breach of contract claim—he denied that there was a valid and enforceable Rule 11 settlement agreement.[3] Although Ronin argued, and continues to argue, there was no agreement, and that the information dictated to the court reporter was nothing more than a preliminary agreement, we disagree.

---

3. Lerner and Zeluff presented evidence to establish the remaining elements of their breach of contract claim. As evidence that they performed or tendered performance, they attached to the motion for summary judgment a copy of their letter to Neely with a check for $30,000 payable to "David Ronin & George Neely, his attorney," their motion to dismiss the claims against all defendants with prejudice, and a release of all claims. As evidence to establish that Ronin breached the contract, they included a copy of Ronin's "Notice of Revocation of Consent to Settlement."

Finally, Lerner and Zeluff claimed they were damaged by Ronin's breach because they incurred and continue to incur reasonable and necessary attorney's fees. As evidence to establish damages, they attached an affidavit from their attorney explaining that, at the time the motion for summary judgment was filed, Lerner and Zeluff were billed for 94.72 hours at a rate of $200 per hour. Counsel anticipated he would spend approximately 15 more hours in finalizing and enforcing the agreement, not including any time for appeals to this Court and the Supreme Court.

The agreement in this case comports with the policy behind Rule 11. *See Kennedy v. Hyde,* 682 S.W.2d 525, 529 (Tex. 1984). The transcript of the court proceedings clearly reflect that the parties were entering into a settlement agreement. At no time did any of the parties state on the record that it was a preliminary agreement. The parties specifically asked the trial court to enter a Rule 11 agreement. The trial court then asked the parties whether they agreed to the terms as dictated into the record. Ronin responded that he did.

Ronin also argues that the agreement made in open court was missing an essential term—that the liability for indemnity was not apportioned between him and Neely. This term of the indemnification was essential, according to Ronin, because of the magnitude of the potential liability. This argument is without merit. The issue of whether a settlement agreement fails for lack of an essential term is a question of law to be determined by the court, unless there is ambiguity or unless surrounding facts and circumstances demonstrate a factual issue as to an agreement. *See Browning v. Holloway,* 620 S.W.2d 611, 615 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.). The terms of indemnity were not an essential element precluding the existence of a valid contract, because the record reflects the essential terms with sufficient detail to determine the obligations of the parties. *See CherCo Properties, Inc. v. Law, Snakard & Gambill, P.C.,* 985 S.W.2d 262, 266 (Tex. App.—Fort Worth 1999, no pet.) (holding a settlement agreement that includes the terms of payment, and a statement that the parties would execute mutual releases, contained all material terms). Moreover, even if it was an essential term, the indemnity issue was mooted by a partial summary judgment that dismissed the intervenor's (Karen Lerner's) claims against the defendants.[4] Thus, the potential liability

for indemnification that Ronin argues about has been eliminated.

We conclude that Lerner and Zeluff established their breach of contract claim as a matter of law—they established a valid and enforceable Rule 11 agreement, and the remaining elements of a breach of contract claim were undisputed. The trial court did not err in granting summary judgment to Lerner and Zeluff.

We overrule Ronin's issue one.

We do not address Ronin's arguments regarding whether the trial court erred in granting a partial summary judgment in favor of two of the original defendants, Sezanne Zeluff, Individually, and the Law Firm of Zeluff & Associates. The issue over this partial summary judgment is made moot by our conclusion that summary judgment enforcing the Rule 11 settlement agreement was proper.

We affirm the trial court's judgment.

---

4. The judgment was signed and entered on January 30, 1998 (approximately two and a

half years after the settlement agreement was entered in open court).