# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00271-CV

**Dessie Maria Andrews and Brian Paul Hunt, Appellants**

**v.**

**Deutsche Bank National Trust Co., as Indenture Trustee Under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2004-1, Inc., Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. D-1-GN-05-002951, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Dessie Maria Andrews and Brian Paul Hunt, both pro se, purport to appeal a final summary judgment awarding relief, including title to a residential lot, to Deutsche Bank National Trust Co., as Indenture Trustee Under the Indenture Relating to IMH Assets Corp., Collateralized Asset-Backed Bonds, Series 2004-1, Inc. We will dismiss the appeal for want of subject-matter jurisdiction.

In November 2003, David and Jamie McKenzie purchased a residential lot in Spicewood, financing the purchase with a loan secured by a deed of trust and vendor's lien on the property in favor of Deutsche Bank's predecessor. The McKenzies subsequently defaulted on their loan obligations and also became delinquent in paying property taxes. As foreclosure of the property loomed, the McKenzies purported to enter into a transfer tax lien loan agreement with Andrews, who paid the delinquent taxes in exchange for a lien on the property in the amount of $11,957.07. Then Andrews ostensibly foreclosed on the tax lien and appointed Hunt as "substitute trustee" to

conduct a nonjudicial foreclosure sale. Hunt allegedly conducted the sale on October 4, 2005,[1] and the property was conveyed to an entity called Cornerstone Limited. The following month, Andrews, acting for Cornerstone, purported to sell the property to Kerry Cairns.

As these events unfolded, Deutsche Bank's predecessors, and later Deutsche Bank, sought judicial relief declaring invalid the foreclosure sale conducted by Hunt, foreclosing on the vendor's lien, and awarding it title and possession of the property. Eventually, responding to what the record reflects were persistent refusals by Andrews and Hunt to respond to discovery, Deutsche Bank sought, and the district court granted, "death penalty" sanctions deeming as found facts that established the invalidity of the tax lien foreclosure sale.[2] Based in part on the deemed

---

[1] We note that this was the same date on which Andrews and Hunt engaged in the foreclosure "sale" at issue in *Hunt v. CIT Grp./Consumer Fin., Inc.*, No. 03-09-00046-CV, 2010 Tex. App. LEXIS 2767 (Tex. App.—Austin Apr. 15, 2010, pet. denied) (mem. op.).

[2] The district court deemed the following facts to be established:

a. Defendants failed to provide proper notice of their purported foreclosure sale of 22036 Briarcliff Drive, Spicewood Travis County, Texas 78669 (hereafter "Property"), conducted on October 4, 2005, as required by Texas statute;

b. Defendants did not post, or cause to be posted, notices at the Travis County courthouse relating to the tax lien deed of trust, appointment of substitute trustee, and/or tax sale involving the Property;

c. Defendants did not communicate orally or in writing with Finance America, LLC, or any successor in interest thereto, regarding the Property and/or any purported foreclosure sale conducted or to be conducted by Defendants;

d. Defendants did not receive any proceeds from the purported foreclosure sale of the Property on October 4, 2005; and

2

findings, Deutsche Bank moved for summary judgment on its claims for relief. The district court granted Deutsche Bank's requested relief except to the extent of holding that Deutsche Bank's title and interest in the property was encumbered by a tax lien in the amount of $11,957.07, plus interest, in favor of Andrews.

Both Andrews and Hunt appeal. However, the record establishes that we lack subject-matter jurisdiction over both appeals.

Deutsche Bank refers us to the reporter's record from a post-judgment hearing reflecting that Andrews, after filing her notice of appeal, entered into a Rule 11 agreement to dismiss her appeal. After the summary judgment was signed, Deutsche Bank, desiring to pay Andrews the amount required to release the lien on its property but encountering resistance from her, moved to pay the amount instead into the court's registry. A hearing was held on Deutsche Bank's motion, and the reporter's record reflects the following exchange:

THE COURT: So, either you release—I mean, it's as simple as that. You either wait for the appeals court to go through—

MS. ANDREWS: I can release my portion of the—of the appeals court, yes.

THE COURT: You'll release, what? I'm sorry?

MS. ANDREWS: I can—I can—

THE COURT: Release the lien?

---

e.     Defendants failed to comply with § 51.002 of the Texas Property Code, and Chapter 33 of the Texas Tax Code in conducting their purported foreclosure sale of the Property on October 4, 2005[.]

*See also Hunt v. MERS, Inc.*, 03-10-00031-CV, 2010 Tex. App. LEXIS 6812 at *1-3 (Tex. App.—Austin Aug. 20, 2010, no pet.) (mem. op.) (dismissing attempted interlocutory appeal from this order).

MS. ANDREWS: Yes, and give up my—my appeal, yes.

THE COURT: Okay. Sounds like we have a winner.

MR. HOPKINS [Deutsche Bank's counsel]: Is Ms. Andrews, in this court, representing right now she is going to dismiss her appeal with the Third Court of Appeals?

MS. ANDREWS: My appeal I will dismiss in—in exchange for a—a release of my lien.

. . . .

THE COURT: Okay. The agreement is, so I understand, that she will nonsuit the appeal, or whatever you call it in appeal land, and she will release the lien that she has on this property, so there's no lien. So your lien will not—no longer be good in return for the release of the money that's in the court right now.

MS. ANDREWS: Yes.

THE COURT: Okay.

MR. KELLY [counsel who represented Andrews at the time]: That's correct, Your Honor.

THE COURT: Okay. So, what I'd like you to do is to give me a proposed order that y'all come to an agreement with a signed release, and that way we have a release, and we'll go ahead and release the funds to Ms. Andrews and y'all can nonsuit the appeal.

. . . .

THE COURT: He's willing—okay. There's some outstanding—Mr. Hopkins is representing to the Court that there's some outstanding sanctions against Ms. Andrews and some maybe—well, you can't waive anything—the court costs or transcripts or anything like that. But he's willing to waive—and I don't know the amount of that, and y'all can talk about it—but he's willing to waive that in return for waiving whatever interest is not within the registry of the court. So the agreement will be that she gets 18 the 24,000 and change, and that's it, no more interest, and they don't take off the sanctions.

MR. HOPKINS: And, Your Honor, if I—

THE COURT: Hold on.

4

MR. KELLY: My client will consent to that.

THE COURT: Okay. So it looks like we have an agreement. I will let y'all prepare the papers.

A Rule 11 agreement is an agreement between parties or attorneys "touching any pending suit" that, to be enforceable, must be either (1) in writing, signed, and filed as part of the record, or (2) made in open court and entered of record. Tex. R. Civ. P. 11. Whether a Rule 11 agreement is legally enforceable is a question of law. *Ronin v. Lerner*, 7 S.W.3d 883, 886 (Tex. App.—Houston [1st Dist.] 1999, no pet.). The purpose of Rule 11 is to avoid misunderstandings and controversies that often flow from oral agreements. *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995). Parties may enter into a binding settlement agreement even if they contemplate that a more formal document memorializing the agreement will be executed at a later date. *See Ronin*, 7 S.W.3d at 886; *McLendon v. McLendon*, 847 S.W.2d 601, 606-07 (Tex. App.—Dallas 1992, writ denied) ("[Party] understood that he was obligated to execute documents to implement the agreement being submitted to the court. There is no indication in the record that the parties contemplated that their agreement would not be binding until it was reduced to writing."). The exchange between Andrews, her attorney, Deutsche Bank's attorney, and the district court constitutes an enforceable Rule 11 agreement. Although the parties contemplated that the attorneys would later reduce the Rule 11 agreement to writing, the reporter's record reflects that the parties were aware that they were entering into a settlement agreement in court. *See McLendon*, 847 S.W.2d at 606-07. Specifically, both Andrews and her counsel agreed that she would release her lien and dismiss her appeal in exchange for receiving the money from the court registry.

5

Andrews does not dispute that she reached a settlement agreement in open court in compliance with Rule 11. Instead, she asserts that there is no evidence that she ever received any money from the court registry, the consideration for her dismissal of her appeal. To the contrary, however, the record contains an order commanding the district court clerk to withdraw the money from the court registry and pay it to Andrews's attorney. It then states:

> In exchange for, and contemporaneous with the execution of this order, Andrews is ordered to execute a Release of Lien regarding Travis County Real Property Records Document No. 2005131594 and any renewal, extension and/or assignment thereof.
>
> IT IS FURTHER ORDERED, and based upon the agreement of the parties, that all past award(s) of monetary sanctions awarded to Plaintiff in this cause against Andrews are released.
>
> IT IS FURTHER ORDERED, and based upon the agreement of the parties, that Andrews is to fully cooperate with Plaintiff regarding the immediate dismissal of Andrews [sic] claims pending in Cause No. 03-11-00271-CV before The Court of Appeals for the Third District of Texas, including but not limited to filing an Agreed Motion to Dismiss with the Appellate Court, as such claims are now moot given Andrews' election to receive the benefits the March 21, 2011 judgment granted her.

In light of this order and the other facts we have summarized, we hold that the dispute underlying Andrews's appeal has been settled and is moot. Consequently, we dismiss Andrews's appeal.[3]

We likewise lack subject-matter jurisdiction over Hunt's appeal. The relief Hunt seeks on appeal is the reversal of the district court's summary judgment and a declaration that the tax lien transfer is valid. He asserts that Deutsche Bank's claims are "barred by the applicable statute of limitations," barred by "the fact that MERS/Deutsche failed to deposit funds into the registry of

---

[3] Andrews has filed a motion asking this Court to take notice of certain "adjudicative facts," including her assertion that Deutsche Bank has transferred the property to a different owner. We dismiss this motion as moot.

the trial court pursuant to Section 34.08(a) of Tax Code," and "barred by waiver or estoppel." Although Hunt purportedly acted as a substitute trustee and aided Andrews in transferring the property from the McKenzies to Cornerstone Limited, he has at no time claimed to have an ownership or other interest in the property that is the subject of the relief he seeks. Likewise, while Hunt alludes to the desire to seek reconsideration of unspecified "damages" (possibly a reference to various discovery-related sanctions imposed against him)[4] in the event of a remand, Hunt does not present argument or authorities challenging those awards or explain how he would have any concrete, legally cognizable interest in the summary judgment he seeks to challenge, nor can we discern any. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443-46 (Tex. 1993). Accordingly, we dismiss Hunt's appeal for want of subject-matter jurisdiction.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Dismissed for Want of Subject-Matter Jurisdiction

Filed:  May 3, 2012

---

[4]  The district court awarded Deutsche Bank $500.00 from Hunt in connection with proceedings on its motion to compel responses to requests for disclosure and production, as well as $1,000.00, imposed jointly and severally against Andrews and Hunt, for its expenses incurred in connection with a motion for contempt and sanctions.