

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00016-CV

HHH FARMS, LLC, HARTWELL FARMS, LLC, AND
WAYMON SCOTT HARTWELL, Appellants

V.

FANNIN BANK, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-15-42242

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

In a prior opinion, this Court found that Fannin Bank was entitled to summary judgment on its breach of contract claim against Hartwell Farms, LLC, and Waymon Scott Hartwell (collectively "Hartwell") following a default on their agricultural loans, but we remanded the trial court's judgment as to other matters. *HHH Farms, L.L.C. v. Fannin Bank*, 648 S.W.3d 387, 403, 435 (Tex. App.—Texarkana 2022, pets. denied). After our opinion issued, Congress passed the Inflation Reduction Act of 2022, which included provisions for immediate relief in the form of payments "to distressed borrowers of direct or guaranteed loans administered by the Farm Service Agency" like Hartwell Farms.[1] As a result, the United States Treasury issued a check jointly payable to the Bank and Hartwell Farms in the amount of $1,414,010.97, which the Bank would apply to Hartwell's outstanding debt, but Hartwell would not endorse the check.

Accordingly, the Bank obtained orders of sequestration against Hartwell, which ordered them to deposit the U.S. Treasury check into the registry of the court. After Hartwell failed to comply with the trial court's orders, the Bank moved for entry of judgment against Hartwell as a sanction. The trial court granted the Bank's requested relief by entering judgment against Hartwell and HHH Farms, LLC (collectively "Appellants"). On appeal, Appellants argue (1) that the trial court's orders of sequestration "do not comply with applicable Texas Law and are otherwise defective," (2) that the trial court erred by signing the judgment because the Bank did not endorse and deliver the check into the registry of the court, and (3) the trial court failed to uphold a Rule 11 Agreement purportedly settling the dispute.

---

[1]Inflation Reduction Act of 2022, Act of August 16, 2022, Pub. L. No. 117-169, § 22006, 136 Stat. 1818, 2021.

We find that the Appellants waived its first issue on appeal. We further find that, on the unique facts of this case, the trial court did not abuse its discretion in imposing sanctions against Appellants in the form of a judgment against them or in denying their motion for new trial based on a purported agreement of settlement. As a result, we affirm the trial court's judgment.

## I.      Factual and Procedural Background

A plaintiff may obtain a writ of sequestration

> in a suit if . . . the suit is for . . . enforcement of a mortgage, lien, or security interest on personal property or fixtures and a reasonable conclusion may be drawn that there is immediate danger that the defendant or the party in possession of the property will conceal, dispose of, ill-treat, waste, or destroy the property or remove it from the county during the suit.

TEX. CIV. PRAC. & REM. CODE ANN. § 62.001(1). On August 1, 2023, the Bank filed a petition for a writ of sequestration pursuant to Section 62.001, along with supporting affidavits. The trial court held a hearing on August 23, 2023, and ruled in favor of the Bank.[2] In its August 31, 2023, order of sequestration, the trial court found the following:

- "Waymon Scott Hartwell is in possession of a United States Treasury check made jointly payable to Fannin Bank and Hartwell Farms, LLC in the amount of $1,414,010.97, issued in accordance with the Inflation Reduction Act of 2022 . . . ."

- "Fannin Bank has a valid security interest in the check."

- "Hartwell and Hartwell Farms have defaulted on the notes secured by governmental payments made to Hartwell Farms."

- "Hartwell has refused to turn the check over to Fannin Bank."

---

[2]In a reply brief, Appellants acknowledged that the trial court never issued a writ of sequestration. Instead, it entered orders of sequestration.

3

As a result of its findings, the trial court ordered Hartwell to "deliver the United States Treasury check in the amount of $1,414,010.97, to the Fannin County District Clerk, on or before September 1, 2023," with a proper endorsement "so that it may be deposited in[to] the registry of the Court." The trial court further ordered the Bank to endorse the check so it could be deposited into the court's registry.

Despite the clear language of the order, Hartwell failed to comply. Instead, Hartwell filed a motion to dissolve the August 31 order but did not seek a hearing on the motion. As a result, the Bank filed a motion to compel compliance with the August 31 order, which the trial court granted. Again, the trial court ordered that the U.S. Treasury check be deposited into the registry of the court within five days of its October 30, 2023, order.

Because Hartwell still did not comply, the Bank filed another motion to compel with sanctions, which was granted by the trial court on February 20, 2024, after it found that Hartwell's willful noncompliance constituted bad faith. The trial court ordered that the check be deposited within five days and granted the Bank's motion for sanctions. As a result, the trial court ordered Hartwell to pay $2,000.00 per day after the expiration of five days until it complied with the trial court's order. Also, the trial court warned, "If, at the end of this additional five-day period [Appellants] have not complied with this Order, the Court will enter an order striking [Appellants]' pleadings and render judgment in favor of Fannin Bank."

On March 6, 2024, the Bank represented that Hartwell had not yet complied with the February 20 order, and it filed a motion for an order to show cause why judgment should not be entered against Appellants. At a hearing on April 1, Hartwell's counsel conceded, "[Hartwell]

4

hasn't done what you ordered," which concerned opposing counsel, who reminded the trial court, "[T]he check . . . goes stale on April 3rd."

On April 3, instead of depositing the check into the registry of the court, Hartwell went to the Bank and endorsed and deposited the check. After making sure the check was not stale, the Bank applied it to Hartwell's balance. After doing so, by letter dated September 12, the Bank notified the trial court of Hartwell's remaining balance, informed the trial court that Hartwell had failed to respond to a settlement offer, and asked for judgment for the remaining amount owed, attaching affidavits to support the sums of the remaining amount.

On September 16, 2024, the trial court granted the Bank's show cause motion after noting that "Hartwell [had] been willfully noncompliant with the Court's orders," that it had "tried lesser sanctions to get [Hartwell] to comply," that Hartwell had "ignored [those] sanction as well," and that Appellants were all acting in bad faith. The trial court struck Appellants' pleadings, granted judgment in the Bank's favor, and entered a take-nothing judgment against Appellants on their counterclaims against the Bank. As a result, the trial court entered a judgment against Appellants for actual damages of $965,692.38, post-judgment interest, attorney fees in the amount of $22,520.00, and conditional attorney fees of $20,000.00 in the case of an unsuccessful appeal. Further, the trial court found, "For the sanction entered by this order to have the appropriate effect, this judgment should be rendered against all [Appellants], jointly and severally."

Appellants filed a motion for new trial alleging that the Bank had entered into a purported Rule 11 agreement with them on September 26, 2024. The motion for new trial was unsworn.

5

Yet, by a separate letter, Appellants attached emails memorializing the purported Rule 11 agreement. In a March 6 email, the Bank had rejected a settlement offer and, through counsel, proposed the following counteroffer: "I can offer if Hartwell endorses and turns the check over to Fannin Bank it will dismiss its claims against Hartwell and his entities with prejudice." It was not until April 3 that Hartwell's counsel responded by saying,

> After much jawboning, and heated discussions, I am authorized to, and hence hereby accept, on behalf of Hartwell and his entities[,] your offer below to dismiss Fannin Bank's claims against Hartwell and his entities with prejudice. To that end, Hartwell will drop off the endorsed check at Fannin Bank by around 2:00 pm today.

On November 12, the trial court held a hearing on the motion for new trial. At that hearing, the Bank argued that Hartwell had no pleading or proof sufficient to enforce a Rule 11 agreement. Even though the Bank agreed that it had received the check, Appellant's counsel represented that Appellants would not sign a May 30 "11-page settlement agreement."[3] The trial court denied the motion for new trial on November 14, 2024.[4]

---

[3]The Bank's briefing states,

> The parties engaged in negotiations, but the sticking point concerned $100,045.21 held in Fannin's counsel's IOLTA account. . . . The amount was being held by Fannin's counsel because of an Agreed Order entered on United States Trustee's Motion to Dismiss or Convert . . . in *In Re Hartwell Farms, LLC*, Case no. 15-40855 in the United States Bankruptcy Court for the Eastern District of Texas, which required counsel to hold the funds pending adjudication of Fannin's and [Appellants'] rights to those proceeds or agreement of the parties. [Appellants] refused to agree to that the funds would go to Fannin.

The Bank argued this issue at the hearing on the motion for new trial.

[4]This dispute involved other parties who are not parties to this appeal, because the claims against them were nonsuited and dismissed.

## II. Appellants Waived Their First Point of Error

In their first point of error, Appellants argue that the trial court erred by entering the sequestration order because (1) the Bank's application allegedly failed to meet the requirements under Section 62.002 to set forth the facts justifying issuance of a writ, (2) the order did not contain a statutory statement of rights under Section 62.023 of the Texas Civil Practice and Remedies Code,[5] and (3) no bond was required even though Rule 696 of the Texas Rules of Civil Procedure appeared to require one.[6] Hartwell raised the majority of these issues in their motion to dissolve the August 31 order, but the motion was not brought before the trial court.[7]

A "defendant may seek dissolution of an issued writ of sequestration by filing a written motion with the court." TEX. CIV. PRAC. & REM. CODE ANN. § 62.041(a). A hearing on the issue of dissolution must occur "not later than the 10th day after the motion is filed." TEX. CIV. PRAC. & REM. CODE ANN. § 62.042. The Bank argues that Appellants waived their statutory concerns by failing to request a hearing on their dissolution motion. *See Breckenridge v. NationsBank of Tex., N.A.*, 79 S.W.3d 151, 155 (Tex. App.—Texarkana 2002, pet. denied).

---

[5]Section 62.023 states, "A writ of sequestration must prominently display the following statement on the face of the writ" "in 10-point type and in a manner intended to advise a reasonably attentive person of its contents": "YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT." TEX. CIV. PRAC. & REM. CODE ANN. § 62.023.

[6]Rule 696 states, in relevant part,

> The court shall further find in its order the amount of bond required of defendant to replevy, which shall be in an amount equivalent to the value of the property sequestered or to the amount of plaintiff's claim and one year's accrual of interest if allowed by law on the claim, whichever is the lesser amount, and the estimated costs of court.

TEX. R. CIV. P. 696.

[7]Appellants' brief also included additional statutory arguments not raised before the trial court. We find that Appellants failed to preserve the additional statutory arguments not previously raised. *See* TEX. R. APP. P. 33.1.

"Generally, to preserve a complaint for appellate review: (1) a party must complain to the trial court by a timely request, objection, or motion; and (2) the trial court must rule or refuse to rule on the request, objection, or motion." *Mansions in the Forest, L.P. v. Montgomery Cnty.*, 365 S.W.3d 314, 317 (Tex. 2012) (per curiam) (citing TEX. R. APP. P. 33.1(a)). There are "important prudential considerations" as to why error preservation is required. *Id.* (quoting *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003)). "First, requiring that parties initially raise complaints in the trial court conserves judicial resources by providing trial courts the opportunity to correct errors before appeal." *Id.* "Second, judicial decision-making is more accurate when trial courts have the first opportunity to consider and rule on error." *Id.* "Third, a party 'should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time.'" *Id.* (quoting *In re B.L.D.*, 113 S.W.3d at 350).

Here, the record shows that the trial court did not have the opportunity to rule on Hartwell's claims that the August 31 order violated statutory rules related to writs of sequestration because Appellants failed to request a hearing. Further, Hartwell did not file a motion to dissolve either the October 30 order or the February 20 order of sequestration and did not otherwise revisit the issue. Because Appellants did not secure a ruling from the trial court on these matters, we find they waived their first issue, and we overrule it.

## III.     There Was No Abuse of Discretion in the Trial Court's Decision to Enter Judgment

The trial court's judgment against Appellants was a sanction for Hartwell's failure to comply with its sequestration orders. "We review a trial court's ruling on a motion for sanctions

8

for an abuse of discretion." *Knoderer v. State Farm Lloyds*, 515 S.W.3d 21, 31 (Tex. App.—Texarkana 2017, pets. denied) (quoting *Knoderer v. State Farm Lloyds*, No. 6-13-00027-CV, 2014 WL 4699136, at *6 (Tex. App.—Texarkana Sept. 19, 2014, no pet.) (mem. op.) (citing *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004))). We will reverse the trial court's ruling only if it "acted 'without reference to any guiding rules and principles,' such that its ruling was arbitrary or unreasonable." *Am. Flood Rsch., Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam) (quoting *Cire*, 134 S.W.3d at 839).

On appeal, Appellants do not challenge the fact that they did not comply with the February 20 order. They also raise no complaint as to the decision to render judgment as a sanction. Instead, they argue, without reference to any authority, that the Bank failed to comply with the sequestration orders because it did not endorse the check or deposit it into the registry of the trial court.[8]

All of the trial court's sequestration orders, including the February 20 order, required Hartwell to endorse the U.S. Treasury check and deliver it to the district clerk so that it could be placed into the registry of the court. The February 20 order specifically warned Hartwell that if they did not comply within five days of the order, the trial court would strike Appellants' pleadings and would enter judgment in the Bank's favor. Appellants argue that their delivery of the check to the Bank on the last day it could be deposited "purged any contempt," but it is undisputed that Hartwell did not meet the deadline and failed to deliver the check to the district clerk at any point. Although Hartwell delivered the check to the Bank on April 3, after the

---

[8]A party's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i).

9

deadline under the February 20 order passed, that did not save Appellants from the sanction contained in the February 20 order. Further, because the Bank was only required to endorse the check after Hartwell delivered it to the district clerk, its obligation to do so never matured.

In an appellate review of sanctions, "unchallenged findings [of fact] must, if supported by evidence, be taken by the appellate court to establish the facts found." *Wright v. State Farm Lloyds*, No. 03-20-00384-CV, 2022 WL 567860, at *6 (Tex. App.—Austin Feb. 25, 2022, no pet.) (mem. op.). Appellants do not challenge the factual findings contained in the trial court's judgment that Hartwell's failure to comply constituted willful bad faith, that lesser sanctions would not have an effect, and that the only sanction that would have an effect was the entry of judgment jointly and severally against them.

Here, the record shows that Hartwell failed to comply with the trial court's February 20 order. Instead, despite the trial court's orders, Hartwell employed a delay tactic and waited until the check might have become stale to deliver it to the Bank. Because a trial court has the power to enforce its orders, the trial court was within its discretion to render judgment against Appellants in accordance with its February 20 order. *See* TEX. R. CIV. P. 308. As a result, we overrule Appellants' second point of error.

## IV. The Trial Court Did Not Abuse Its Discretion by Failing to Grant a New Trial

In their last point of error, Appellants argue that the trial court failed to enforce the purported Rule 11 agreement.[9] That argument was presented to the trial court at the hearing on

---

[9]Appellants also complain about several representations in the Bank's September 12, 2024, letter to the trial court, but we need not address these arguments since nothing shows that the trial court considered and ruled on them. *See* TEX. R. APP. P. 33.1.

10

Appellants' motion for new trial. "We review a trial court's denial of a motion for new trial under an abuse of discretion standard." *In re Matter of Marriage of Lynch*, No. 06-23-00001-CV, 2023 WL 8794646, at \*10 (Tex. App.—Texarkana Dec. 20, 2023, no pet.) (mem. op.) (quoting *Storck v. Tres Lagos Prop. Owners Ass'n, Inc.*, 442 S.W.3d 730, 741 (Tex. App.—Texarkana 2014, pet. denied)). "Under this standard, we may not overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles." *Id.* (quoting *Storck*, 442 S.W.3d at 741–42). "In our review, we indulge every reasonable presumption in favor of the trial court's refusal of a new trial." *Id.* (quoting *Storck*, 442 S.W.3d at 742).

Here, the trial court was presented with emails purporting to show that a Rule 11 agreement was made. However, at the hearing on the motion for new trial, Appellants admitted that they would not sign the settlement agreement, and the trial court heard evidence that there were still outstanding issues involving sums held in an IOLTA account that were not resolved. "Where [a] settlement dispute arises while the trial court has jurisdiction over the underlying action, a claim to enforce the settlement agreement should be asserted in that court under the original cause number, such as through an amended pleading or counterclaim." *Batjet, Inc. v. Jackson*, 161 S.W.3d 242, 245 (Tex. App.—Texarkana 2005, no pet.) (citing *Mantas v. Fifth Ct. of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) (per curiam) (orig. proceeding)). As the party seeking enforcement of a purported Rule 11 agreement that was contested, Appellants were required to "pursue a separate breach of contract claim, which is subject to the normal rules of pleading and proof." *Id.* (citing *Mantas*, 925 S.W.3d at 658). The Bank argued at the hearing

11

that there was no Rule 11 agreement and even had there been one, Appellants would have to file a breach of contract claim to enforce it.

Because the trial court heard that Appellants would not sign the settlement agreement drafted by the Bank, and that a subsequent dispute over IOLTA funds had possibly upended any purported settlement, the trial court was within its discretion to deny the Appellants' motion for new trial. As a result, we overrule the Appellants' last point of error.[10]

## V. Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:    November 10, 2025
Date Decided:    November 24, 2025

---

[10]In their reply brief, Appellants argue that the trial court erred by entering the sequestration orders because they do not comply with the rules for mandatory injunctions. That raises novel arguments not presented in Appellants' opening brief. We have previously explained that "[a]n appellant's opening brief "'must state concisely all issues or points presented for review.'" *Freeman v. Harleton Oil & Gas, Inc.*, 528 S.W.3d 708, 737 n.31 (Tex. App.—Texarkana 2017, pet. denied) (quoting TEX. R. APP. P. 38.1(f)). "Issues not clearly stated and argued in an opening brief by an appellant are waived." *Id.* (citing *In re Est. of Taylor*, 305 S.W.3d 829, 836–37 (Tex. App.—Texarkana 2010, no pet.)). Accordingly, we overrule the new arguments presented by the reply brief.